# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN L. MCGILL,** | : | **CIVIL ACTION NO. 1:09-CV-1404** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **T.R. SNIEZEK**, | : | |
| | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

Petitioner, Kevin L. McGill ("McGill"), an inmate incarcerated at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill"), Pennsylvania, filed this petition for writ of habeas corpus on July 20, 2009, challenging a decision of the United States Parole Commission ("USPC" or "Commission") to revoke his parole, not credit any time he spent on parole, and continue imprisonment until the expiration of his District of Columbia ("D.C.") sentence.[1] (Doc. 1, at 12.). Specifically, he alleges that the USPC offended the Ex Post Facto clause in determining his eligibility for reparole when they applied USPC reparole guidelines rather than the D.C. Parole Board reparole guidelines. For the reasons set forth below, respondent will be directed to notify the court of the date of McGill's initial parole hearing.

---

[1] McGill filed this petition pursuant to 28 U.S.C. § 2241. For purposes of federal habeas relief, because McGill is in custody pursuant to a District of Columbia court judgment, he is a state prisoner and the petition is therefore properly considered one filed under 28 U.S.C. § 2254. <u>See Madley v. U.S. Parole Comm'n</u>, 278 F.3d 1306, 1309 (D.C.Cir. 2002).

# I. __Background__

Following a conviction of Murder II While Armed in violation of District of Columbia Code §§ 22-2403 and 22-3202, McGill was sentenced by the Superior Court for the District of Columbia on May 23, 1996, to a five to fifteen-year term of imprisonment. (Doc. 13-2, at 4.) According to the sentence monitoring computation data sheet, McGill first became eligible for parole on July 21, 1998. (Doc. 13-2, at 5.) Notably, a D.C. Code offender who is serving a sentence with a minimum term which exceeds three years, as is the case here, could file an application for parole six months prior to the eligibility date. D.C. Mun. Regs. tit. 28, § 202.1. McGill states that his initial parole hearing was held in July 1998. (Doc. 14, at 2.)

Effective August 5, 1998, the District of Columbia Board of Parole was abolished and its jurisdiction over parole decisions for D.C. Code felons was transferred to the USPC. __See__ __National Capital Revitalization and Self-Government Improvement Act__, Pub.L. No. 105-33, § 11231, 111 Stat. 712, 745-46 (codified at D.C. Code § 24-131). Upon assuming the D.C. Parole Board's jurisdiction, the USPC began a process of revising the regulations for determining D.C. Code offenders' suitability for parole. __See__ __Sellmon v. Reilly__, 551 F. Supp.2d 66 at 72-73 (D. D.C. 2008) (discussing revisions). These regulations specify that they are applicable to any D.C. Code offender whose first parole hearing would occur after August 5, 1998. __See__ 28 C.F.R. § 2.80(a)(5). "For a prisoner whose initial hearing was held before August 5, 1998, the Commission shall render its decision by reference to the

guidelines of the former D.C. Board of Parole in effect on August 4, 1998." (Id. at § 280.4.)

McGill was parole eligible on July 21, 1998, and was able to apply for parole six months prior to this date. However, the record is incomplete with respect to the date of his initial parole hearing.

## II.   **Discussion**

McGill claims that the USPC's application of the new guidelines to his reparole hearing violates the Ex Post Facto clause. He first argues that the new guidelines should have never been applied to him because his initial parole hearing was held in July 1998, and the 2000 Regulations specify that they are applicable to any D.C. Code offender whose first parole hearing would occur after August 5, 1998. See 28 C.F.R. § 2.80(a)(5). Although the sentence monitoring computation data sheet indicates that McGill was eligible for parole on July 21, 1998 (Doc. 13-2, at 5), there is nothing in the record establishing the actual date of his initial hearing. This date directly impacts which guidelines should have been applied to petitioner when the USPC assumed jurisdiction of the D.C. Code offender cases. Respondent will therefore be directed to supplement the record by notifying the court of the date of McGill's initial parole hearing.

**III.**   **Conclusion**

Based on the foregoing, respondent will be directed to supplement the record.

An appropriate order follows.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      July 29, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN L. MCGILL,** | : | **CIVIL ACTION NO. 1:09-CV-1404** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **T.R. SNIEZEK,** | : | |
| | : | |
| **Respondent** | : | |

## <u>ORDER</u>

AND NOW, this 29th day of July, 2010, in accordance with the foregoing

memorandum, it is hereby ORDERED that within ten days of the date of this order,

respondent shall SUPPLEMENT the record by notifying the court of the date of

petitioner's initial parole hearing.  The supplement shall be supported with

appropriate documentation.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge